UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: PATRICIA MICHELLE MILLER, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| PATRICIA MICHELLE MILLER, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | No.: 3:05-CV-38 |
| ) | (VARLAN/SHIRLEY) |
| PENNSYLVANIA HIGHER EDUCATION ) | |
| ASSISTANCE AGENCY/STUDENT LOAN ) | |
| SERVICING CENTER, ) | |
| ) | |
| Defendant/Appellee. ) | |

## MEMORANDUM OPINION

Patricia M. Miller has appealed the most recent decision of the Bankruptcy Court that her student loan debt was not dischargeable. Ms. Miller argues that the Bankruptcy Court erred in its findings of fact and conclusions of law and that the Court should reinstate the Bankruptcy Court's initial ruling which granted Ms. Miller a partial discharge of her indebtedness. The Pennsylvania Higher Education Assistance Agency ("PHEAA") argues that the Bankruptcy Court correctly decided that Ms. Miller is not entitled to a discharge of her student loan indebtedness and that such result is now compelled by the Sixth Circuit's recent decision in *Oyler v. Educational Credit Management Corp.*, 397 F.3d 382 (6th Cir. 2005).

The Court has carefully reviewed the parties' briefs [Docs. 10, 11] and considered the arguments of counsel presented on August 11, 2005, in light of the entire record and controlling law. For the reasons set forth below, the decision of the Bankruptcy Court will be affirmed and Ms. Miller's appeal will be dismissed.

I.   **Background**

Patricia Miller filed for Chapter 7 bankruptcy protection on June 1, 2001, primarily for relief from student loan debt, as well as some credit card debt. She incurred significant student loan debt while obtaining a bachelor's degree from Juniata College in Pennsylvania, a master's degree from the University of Tennessee ("UT") in Knoxville, and work towards a PhD at UT which was not completed. Ms. Miller now works as a secretary at NOVA, Inc., a local construction company, and has a part-time job as a call center representative for America's Collectible Network. The issue at trial before the Bankruptcy Court was whether Miller's student loan debt, approximately $89,832.16[1] on the date of trial, April 30, 2002, could be discharged pursuant to 11 U.S.C. § 523(a)(8) as an "undue hardship."[2]

After hearing Ms. Miller's testimony and considering the parties' stipulated evidence, the Bankruptcy Judge, the Honorable Richard Stair, Jr., determined that Ms. Miller had not

---

[1]The parties indicate that the amount due is currently in excess of $100,000, although no firm total is contained in the record.

[2]11 U.S.C. § 523(a)(8) states in pertinent part: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for an educational benefit overpayment or loan made ... unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."

met her burden of showing undue hardship under § 523(a)(8), but he nevertheless granted her a partial discharge pursuant to the court's equitable powers under 11 U.S.C. § 105(a)[3], leaving her with a nondischargeable debt of $34,200.00. Both parties appealed the Bankruptcy Court's decision to the Honorable R. Leon Jordan, United States District Judge, who affirmed the Bankruptcy Court *in toto*.

PHEAA appealed the case to the Sixth Circuit, which reversed and remanded the case for a determination of whether Ms. Miller had shown undue hardship with respect to the portion of her student loans that were discharged. *Miller v. Pennsylvania Higher Education Assistance Agency*, 377 F.3d 616, 624 (6th Cir. 2004). On remand, the Bankruptcy Court determined that Ms. Miller had not satisfied the undue hardship test as then outlined by the Sixth Circuit. Accordingly, the Bankruptcy Court determined that Ms. Miller's entire student loan obligation was nondischargeable. Ms. Miller has appealed that decision to this Court.

**II.    Analysis**

As Ms. Miller correctly notes, the Bankruptcy Court's findings of fact are subject to a clearly erroneous standard of review, Fed. R. Bankr. P. 8013, and its conclusions of law are subject to a de novo standard of review, *Oyler*, 397 F.3d at 384. The Sixth Circuit has clearly stated that whether student loans pose an undue hardship is a legal question for de novo review. *Id*.

---

[3] 11 U.S.C. § 105(a) states in part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Ms. Miller complains that the Bankruptcy Court's remand decision failed to grant her a partial discharge of her student loan obligation and has now required her to pay all of the obligation despite its previous findings that she is unable to do so. Ms. Miller specifically complains that the Bankruptcy Court erroneously found that she had "never attempted to consolidate her student loans" and incorrectly assumed that she had repaid a portion of the student loan debt and a debt to her parents in the interim between trial and remand [*see* Doc. 12 at pp. 8, 10]. Ms. Miller contends that there is no basis in the record for these conclusions.

Upon review of the record, it appears undisputed that Ms. Miller has not attempted to consolidate her student loans, apparently because even the most favorable consolidation option would be beyond her ability to pay. The Court therefore does not find that the Bankruptcy Court's findings on this point are erroneous or contrary to the findings of fact in the Bankruptcy Court's initial opinion. The Court further finds that the Bankruptcy Court's assumptions as to whether Ms. Miller has repaid certain debts during the pendency of this case, even if incorrect, do not materially affect the ultimate issue on appeal. The sole issue for resolution is whether Ms. Miller is entitled to a discharge of any student loan debt based on undue hardship pursuant to 11 U.S.C. § 523(a)(8).

Ms. Miller argues that the Bankruptcy Court relied too heavily on the *Brunner* test, referring to *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir. 1987), which had not (at the time of the initial appeal) been explicitly adopted by the Sixth

4

Circuit. Ms. Miller urges the Court to apply a totality of the circumstances test and find that repayment of the total amount of indebtedness would be an undue hardship on her.

PHEAA argues that the Bankruptcy Court correctly decided that Ms. Miller is not entitled to a discharge of her student loan indebtedness. PHEAA correctly points out that subsequent to the initial appeal and the Bankruptcy Court's remand opinion in this case, the Sixth Circuit has explicitly adopted the *Brunner* test for determining undue hardship. PHEAA argues that the Bankruptcy Court correctly found that Ms. Miller could not satisfy the second and third prongs of the *Brunner* test. PHEAA further argues that she cannot satisfy the first prong of the *Brunner* test because she has no dependents, does not fully minimize her expenses, and does not evidence any willingness to undergo further belt-tightening. Finally, PHEAA argues that underemployment, as noted in *Oyler*, does not provide justification for a finding of undue hardship. 397 F.3d at 386. Thus, Ms. Miller's choice in remaining in a low-paying job for which she is overqualified is not the type of circumstance that constitutes undue hardship.

As set forth by the Sixth Circuit, the *Brunner* test for undue hardship requires a three-part showing:

> (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
> (3) that the debtor has made good faith efforts to repay the loans.

5

*Tirch v. Pennsylvania Higher Education Assistance Agency*, 409 F.3d 677, 680 (6th Cir. 2005); *Oyler*, 397 F.3d at 385 (6th Cir. 2005). If the plaintiff cannot satisfy even one of these criteria, then she is not entitled to a finding of undue hardship. Upon review of the record, the Court finds that the Bankruptcy Court correctly concluded that Ms. Miller cannot meet her burden under either the second or third prongs of the *Brunner* test.

To satisfy the second prong, Ms. Miller must show "a certainty of hopelessness, not merely a present inability to fulfill financial commitment." *Tirch*, 409 F.3d at 681; *Oyler*, 397 F.3d at 386. *Oyler* further instructs that a showing under the second prong may include "illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *Id*. Further, such circumstances "must be beyond the debtor's control, not borne of free choice." *Id*. In this case, Ms. Miller is not suffering from any illness or disability and she has no dependents. She is well educated and thus has the potential to obtain higher paying employment. As *Oyler* states, "[c]hoosing a low-paying job cannot merit undue hardship relief." 397 F.3d at 386. Moreover, there is no evidence in the record to suggest that Ms. Miller's current financial difficulties will "persist for a significant portion of the repayment period of the student loans." *Tirch*, 409 F.3d at 681 (quoting *Brunner*, 831 F.2d at 396). The Court agrees with the Bankruptcy Court's finding that Ms. Miller cannot meet the second prong of the *Brunner* test.

The Court further agrees that Ms. Miller cannot meet the third prong of the *Brunner* test. As set forth in the record, Ms. Miller has repaid only $368.00 of her student loan obligation, an obligation incurred over the years 1984 through 1996. Further, Ms. Miller has

admittedly not applied to consolidate her student loans. As indicated by the *Tirch* Court, this factor "is probative of her intent to repay her loans." 409 F.3d at 682. On this record, the Court cannot find that Ms. Miller has made good faith efforts to repay the loans.

In light of the Court's conclusions as to the second and third factors of the *Brunner* test, the Court need not determine whether Ms. Miller can meet the first prong of the *Brunner* test. As noted above, a plaintiff must satisfy all three prongs of the *Brunner* standard to qualify for an undue hardship discharge of her student loans, a burden Ms. Miller cannot meet. Although counsel for Ms. Miller contends that this result is unfair given the amount of indebtedness to which she will be subjected, this Court is obligated to apply the binding precedent of the Sixth Circuit to the facts of each case. Accordingly, the Court affirms the opinion of the Bankruptcy Court in its entirety, and the plaintiff's appeal will be dismissed.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE